UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN MORENO-LOPEZ,<br><br>        Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>        Defendants. | Case No. 11-cv-2977<br>10-cr-4581<br><br>**ORDER DENYING MOTION BROUGHT PURSUANT TO 28 U.S.C. § 2255**<br><br>Docket No. 1 |

**I. BACKGROUND**

On September 22, 2011, the court entered judgment against Martin Moreno-Lopez ("Plaintiff") in case number 10-cr-4581 for violation of 8 U.S.C. § 1326. He was sentenced to 36 months in prison. On December 21, 2011 Plaintiff filed a motion for time reduction under 28 U.S.C. § 2255.

Plaintiff's motion seeks a downward departure or other relief under the Equal Protection Clause of the Fourteenth Amendment, the Due Process Clause of the Fifth Amendment, and the "Equal Right Act." Pl. Mtn. at 2. Plaintiff states that these laws are violated by the fact that a United States citizen is entitled to a reduction of sentence through a drug program, a halfway house, or a UNICOR job. According to Plaintiff, an "alien is deprived of his benefits or privileges due to his or her status" and faces a harsher sentence due to his status as an alien. <u>Id</u>.

## II. LEGAL STANDARD AND DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner may challenge his custody on the grounds that his sentence was imposed in violation of the Constitution or laws of the United States. Under Rule 4(B) of the Rules Governing Section 2255 Proceedings, "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." In such an instance, the district court is not required to hold a hearing or to require a response from the government. See 28 U.S.C. § 2255(b).

Plaintiff has not cited to a specific statute or policy on which he bases his claims. However, he refers to a sentence reduction available to prisoners who participate in a drug treatment program and spend time in a halfway house. In McLean v. Crabtree, 173 F.3d 1176 (9th Cir. 1999), the Ninth Circuit decided a case in which a similar claim was raised. There, the court examined a Bureau of Prisons ("BOP") regulation that excluded prisoners with Immigration and Naturalization Service detainers from participating in community-based drug treatment programs. The court upheld the regulation in the face of a Due Process and Equal Protection challenge. The Due Process challenge was rejected because the law in question that allowed for a reduction in prison time, 18 U.S.C. § 3621(e)(2)(B), did not create a liberty interest in sentence reduction. The Equal Protection challenge was denied because there was no showing that the detainer exclusion "results in aliens as a group being treated differently from other persons based on their membership in the class of incarcerated aliens." McLean, 173 F.3d at 1185. Applying rational basis scrutiny, the court held that the detainer exclusion was a rational basis for the BOP's concern that prisoners with detainers pose a higher flight risk. Id. at 1186.

Thus, under this circuit's precedent, excluding certain prisoners from a drug treatment program based on their heightened flight risk is constitutional. Thus, Plaintiff could only hope to succeed if he pointed to a law, regulation, or practice that indicates the exclusion targets aliens

2

on the basis of their status as aliens. However, he has not cited any specific law or practice to support his claim.

Plaintiff also requests a downward departure on sentencing for accepting a final deportation order. He states that a downward departure would be appropriate because he cannot be housed in a minimum security facility or correctional center based on his status. However, the Ninth Circuit has addressed this issue and rejected Plaintiff's argument. In United States v. Martinez-Ramos, 184 F.3d 1055, 1058 (9th Cir. 1999), the court held that "deportable status may not be a ground for downward departure from the applicable guideline range for aliens who are deportable." Id. While some cases have considered downward departure on the basis of deportable alien status in non-§ 1326 cases, those cases are all "significantly different . . . [because they] involved offenses in which the defendant's status as an alien was irrelevant, whereas [defendant] was convicted of a § 1326 offense in which the defendant's status as an illegal alien is part and parcel of the crime." Id. at 1057. Thus, Martinez-Ramos forecloses the possibility of downward departure here.

**III. CONCLUSION**

For the reasons stated above, the motion is DENIED.

**IT IS SO ORDERED.**

DATED: February 9, 2012

Jeffrey T. Miller
United States District Judge